CHALKER, for use, *vs.* THOMPSON *et al.*

1. Where an application for homestead and exemption showed that a plaintiff in *fi. fa.* was one of the creditors of the applicant, and stated the place of his residence, if the ordinary approved such application, the presumption is that he did his duty, and that he would not have approved it unless sufficient proof had been made before him that the creditors had been legally notified. The proceedings were not rendered inadmissible because they failed to show such notice.

2. Where certain *fi. fas.* were levied on property and the defendant in *fi. fa.* replevied the property and gave a forthcoming bond therefor, but before the day of sale he had it exempted to him as the head of a family, the levying officer could not make a sale thereof, and there was no breach of the forthcoming bond for which a recovery could be had, by reason of the failure to produce the property on the day of sale.

April 15, 1884.

Presumptions. Ordinary. Homestead. Levy and Sale. Forthcoming Bond. Before Judge POTTLE. Glascock Superior Court. August Term, 1883.

Reported in the decision.

JAMES WHITEHEAD, by brief, for plaintiff in error.

THOS. E. WATSON, by J. T. JORDAN, for defendants.

BLANDFORD, Justice.

1. Barton had two justice's court *fi. fas.* levied on the property of Thompson, who replevied the property, and Rivers became his surety on the forthcoming bond; after this, and before the day of sale, Thompson had the property exempted to him as the head of a family. The property not being forthcoming on the day of sale, plaintiff in error brought his action on the forthcoming bond. On the trial of this case, defendant tendered in evidence the exemption papers allowed by the ordinary. This was objected to by plaintiff, upon the ground that the papers did not show he had been notified of the application for exemption, and that he resided in the county of Jefferson. The application showed plaintiff to be one of defendant's creditors, the place of his residence being stated therein. The court overruled the objection, and admitted the testimony, and this ruling is assigned as error. The evidence was properly admitted, the presumption being that the ordinary did his duty, and would not have approved the application unless sufficient proofs had been made before him that plaintiff had been legally notified of the application.

2. There was no breach of defendant's bond in this case. Where the property was set apart and exempted to him, the levying officer could not make sale thereof, and it was a work of supererogation to carry the property to the place of sale.

Judgment affirmed.