FLOYD *v.* COOK *et al.*

Where a claimant gives a levying officer a forthcoming bond and retains possession of the property, and subsequently the same officer seizes and sells the property under a lien of superior dignity, applying the proceeds to such superior lien, the maker of the forthcoming bond is not liable thereon for a failure to produce the property at the time and place of sale.    The law having taken the property from his possession, there is no breach of the conditions of the bond for which he can be held liable.

Argued July 10, — Decided August 13, 1903.

. Action on forthcoming bond.    Before Judge Candler.    Campbell superior court.    August 11, 1902.

*J. F. Golightly*, for plaintiff, cited :    *Georgia Reports*, 77/57 ;
91/488, 765 ; 92/445–6 ; 103/190 ; 110/449 ; 54/676 ;  55/606 ;.
92/121;  97/444.

*C. S. Reid* and *K. A. Nisbet*, for defendants, cited :    Civil Code,.
§§ 3724–5, 3727, 4611–12–13–14–15, 4619–20, 5436–7; *Geor-
gia Reports*, 29/538 ; 54/581; 72/478; 75/692; 91/765; 9/42
(4) ; 50/370; 85/550; 6/244; 10/160; 17/521 (13), 624 (6) ;
18/469; 54/581; 35 La. Ann. 878; 79 Ky. 389; Herm. Est..
§§ 813–14; cases   distinguished, *Ga. Rep.*  84/601;  87/566 ;.
90/21; 91/132, 488, 765; 101/169; 103/190; 110/449.

SIMMONS, C. J.  A farm was rented by S. E. Cook from Mrs.
Smith.    He sublet a portion of it to his son, Lewis Cook.   Lewis
made a crop on his portion, and in the fall of the year Floyd, who
had obtained a common-law judgment against S. E. Cook, had an ex-
ecution issued upon the judgment and levied upon the crop of Lewis.
The latter filed a claim in which he set up that the crop levied upon,
consisting of certain cotton and corn, belonged to him and not to his
father, and was not subject to the lien of the judgment.   The cotton
and corn were in the field, and Lewis gave to the  officer a forth-
coming bond wherein he obligated himself to produce the property
at the time and place of sale if it was found subject to the fi. fa.
Subsequently, and after Lewis had gathered the crop, Mrs. Smith,
the landlord, sued out a distress warrant against S. E. Cook, the
person to whom she had rented the whole premises.   This distress
warrant was levied by the same officer upon all the crops raised on
the rented land.    The officer took the cotton and corn out of the
possession of Lewis Cook, returning to the latter the forthcoming
bond which he had given, sold the crop, and applied the proceeds
of the sale to the lien of Mrs. Smith.   Lewis Cook, supposing that
this ended his claim case, did not attend the trial of that case, and
the claim was dismissed for want of prosecution.   The same attor-
ney represented both Floyd and Mrs. Smith.  By direction of this
attorney the levying officer advertised for sale the property levied
upon under Floyd's common-law judgment.    Lewis failed to pro-
duce the property according to the terms of the forthcoming bond,
and Floyd brought his action for a breach of the bond, alleging the
making of the bond by Lewis and his surety and that they had
failed to produce the property.  The defendants filed a plea, setting
up the facts above stated, and alleging that Lewis was unable to

528 FLOYD *v.* COOK. (118

produce the property, because it had been taken from his posses-
sion, by virtue of a superior lien, by the very officer to whom he
had given the forthcoming bond, and had been sold and the pro-
ceeds applied to settle the distress warrant against his father. All
the above-recited facts appearing on the trial of the case, the court
on motion granted a nonsuit. The plaintiff excepted.

There was no error in the ruling made by the court. There had
been no voluntary breach of the bond. Mrs. Smith's distress war-
rant was a lien superior to that of the common-law judgment, as
against all the crops raised upon the rented premises, whether raised
by S. E. Cook or by his subtenants. All the crops raised upon the
rented premises were equally subject to the lien for rent. It was
impossible, under the law, for Lewis Cook to resist this lien for
rent. He could file no claim nor institute any kind of proceeding
which would relieve his part of the crop from this lien. The law
compelled him to submit to the seizure of his crop under this lien.
The levying officer sold the crop and applied the proceeds to the
lien of Mrs. Smith. It was then impossible for Lewis to produce
the property at the time and place of sale, as he had agreed to do;
for the law had seized it and disposed of it. Further than this, the
law had seized it through the same officer to whom the forthcom-
ing bond had been given. Performance was rendered impossible by
the act of the obligee in the bond. In the case of *Chalker* v.
*Thompson,* 72 *Ga.* 478, two fi. fas. were levied upon Thompson's
property. He gave a forthcoming bond in the usual terms, for the
production of the property at the time and place of sale. Before the
day of sale he had the property exempted and set apart to him as
the head of a family. The property not forthcoming on the day
of sale, suit was brought against Thompson and his sureties for a
breach of the forthcoming bond. This court held that the plain-
tiff could not recover, because there had been no breach of the bond;
that, the exemption having been taken before the day of sale, the
officer could not make sale of the property, and it was utterly use-
less for Thompson to produce the property at the place of sale;
that the right of exemption and the exemption itself, to Thompson
as the head of a family, deprived the plaintiff in fi. fa. of the right
to subject the property. The law controls the rights and remedies
of every person, and when it interferes and prevents an obligor from
complying with the conditions of a bond, the obligor should not be

held liable because of his non-compliance. The interference of the law is analogous to an act of God operating to prevent compliance. *Savannah etc. Co.* v. *Wilcox,* 48 *Ga.* 437. Counsel for the plaintiff in error insisted that the case of *Barfield* v. *Covington,* 103 *Ga.* 190, holds to the contrary and settles the law in his favor. We think that when he reads that case carefully and analyses the facts, he will see that he is in error. In that case Bullock, Bush & Co. had a common-law judgment against Barfield, and the execution thereon was levied upon certain cotton and corn made by Barfield as the tenant of Owens. Barfield replevied the property and gave a forthcoming bond for its production at the time and place of sale, Owens being the surety on the bond. The property was advertised for sale, and was not forthcoming on the day of sale. Barfield and Owens were sued upon the bond, and their defense was that Barfield was a tenant of Owens and owed him rent out of the property levied upon, in an amount equal to its value, and that Owens had taken the property and applied it to the payment of rent prior to the day of sale, after which appropriation Owens had sued out a distress warrant against Barfield and placed it in the hands of the sheriff. This court held that, under these facts, Barfield and Owens "could not relieve themselves of their obligation to produce the property by subsequently applying it to the payment of rent due by Barfield to Owens. While Owens had a landlord's lien for rent upon the crops grown upon the rented premises during the year 1894, superior to the lien of the common-law judgment of Bullock, Bush & Co., yet, in order for him to have realized the benefit of such superior lien, under the facts of this case, it was necessary for him to have sued out a distress warrant against Barfield, placed it in the hands of the sheriff, and demanded that the proceeds of the sale of the crop be applied to the satisfaction of the lien for rent, in preference to the judgment lien. In such an administration of the property by the court, the rights of all parties interested therein could have been determined according to the facts of the case. The suing out of the distress warrant by Owens and placing it in the hands of the sheriff, after the property had been applied to the payment of the rent, did not affect the liability of Barfield and Owens for the breach of the bond." Thus it will be seen that, after the levy of the common-law judgment, Barfield and Owens administered the property themselves. This they could not do, so as to

divest a judgment lien ; as was decided by this. case and by the cases of *Stallings* v. *Harrold, Johnson & Co.*, 60 *Ga.* 478, and *Duncan* v. *Clark,* 96 *Ga.* 263, and the cases therein cited. If Lewis Cook and his father had turned over their crops to Mrs. Smith without a foreclosure of her lien, these cases would have been applicable and controlling.    This was. not done.    They waited until Mrs. Smith asserted her lien by proper legal procedure, when their property was levied upon by the officer to whom they had given the forthcoming bond and was sold under the law.  When Mrs. Smith had her distress warrant levied, she asserted her lien according to law, and the sale under the distress warrant was an administration by the law.    This made the case  quite different from those just cited.

*Judgment affirmed.   By four Justices.   Candler, J., disqualified.*