ALLEN *et al. v.* ALLEN, constable, for use, etc.

</div>

Where property in possession of one who has given a forthcoming bond is, before the time has arrived for compliance with the obligation, seized under and by virtue of liens of superior dignity to the lien of the process under which the property was first seized, the principal obligor in the bond and his security can not be held liable for a failure to comply with the conditions of the bond.

<div style="text-align:center">

Argued November 23, — Decided December 14, 1903.

</div>

Action on forthcoming bond.    Before Judge Reagan.    Butts superior court.    March 5, 1903.

*Marcus W. Beck* and *B. P. Bailey,* for plaintiffs in error.
*John S. Gleaton,* contra.

Cobb, J.    This was an action by a constable upon a forthcoming bond.    The defendants pleaded, among other things, that they could not produce the property, because, before the day of sale arrived, it had been seized by the sheriff under liens which were superior in dignity to the executions under which the property had been first levied upon, and on account of which the forthcoming bond had been given..    The court struck the part of the answer above referred to, and entered judgment against the defendants upon an agreed statement of facts.    They excepted to both rulings.    It seems to have been conceded that the liens under and by virtue of which the sheriff seized the property were superior in dignity to the claims upon which the executions levied by the constable were founded.    If this was true, the defendants were not liable for a breach of the forthcoming bond.    The breach was occasioned, not by their own act, but by operation of the law, for which they were not responsible and the effect of which they could not avoid.    The case is controlled by the decision in *Floyd* v. *Cook,* 118 *Ga.* 526, where it was ruled:    " Where a claimant gives a levying officer a forthcoming bond and retains possession of the property, and subsequently the same officer seizes and sells

the property under a lien of superior dignity, applying the proceeds to such superior lien, the maker of the forthcoming bond is not liable thereon for a failure to produce the property at the time and place of sale. The law having taken the property from his possession, there is no breach of the conditions of the bond for which he can be held liable." The case of *Barfield* v. *Covington*, 103 *Ga.* 190, is distinguished in the opinion, and held to rule nothing in conflict with the principle laid down in the *Floyd* case. In *Aycock* v. *Austin*, 87 *Ga.* 566, which was followed in *Anderson* v. *Banks*, 92 *Ga.* 121, it was held that where a defendant in execution gives a forthcoming bond and fails to produce the property at the time and place of sale, he is liable for a breach of the bond, notwithstanding a third person, on the day of sale, filed a claim to the property, which was accepted by the sheriff. It will be seen at once that these cases are materially different from the one now under review. In those cases the breach was complete before the claim was filed. When the day of sale arrived it was the duty of the defendant in execution to have the property at the place of sale ; and failing to do this, his bond was broken and he was liable to an action thereon. He could not defend by showing that it would have been useless to produce the property because no sale would have taken place. In other words, the law did not prevent a compliance with the bond, but merely stayed the sale. It was within the power of the sheriff to have withdrawn the property from the possession of the principal obligor in the bond and made other disposition of it, and it was his duty to produce the property and give the sheriff that opportunity. Here the case is entirely different. The principal obligor in the bond was deprived of possession by operation of the law before the time arrived for a compliance with his undertaking. Compliance was rendered impossible as the result of an act which he could not control and for which he was in no way responsible. An examination of the facts in the case of *Bearden* v. *Carter Merchandise Co.*, 101 *Ga.* 169, will show that the decision there does not conflict with the ruling now made. The language of the opinion may be somewhat broad, but the ruling is not in conflict with the decision now made. The court erred in striking the defendants' answer and entering judgment against them.

*Judgment reversed. All the Justices concur.*