### 3086. ROCKMORE v. GARNER, constable, for use, etc.

Where an execution is levied upon property and a third person files claim thereto and executes a forthcoming bond, and on trial of the claim case the property is found subject, and thereafter the property is duly advertised for sale and is not produced, a breach of the bond ensues; and the constable to whom the forthcoming bond has been given, suing for use of the plaintiff in execution, may recover upon the bond, notwithstanding that the property has been taken in the meantime from the possession of the claimant under the levy of a fi. fa. against a stranger to the litigation, unless it appears that the process under which the property was seized in the second instance was superior to the execution first levied upon the property, or that the property was in fact subject to seizure under the second execution.

DECIDED JUNE 7, 1911.

Certiorari; from Fulton superior court—Judge Pendleton. November 17, 1911.

*Thomas B. Brown,* for plaintiff in error. *Scott & Davis,* contra.

POWELL, J. A fi. fa. in favor of Brown was levied on property of W. L. Rockmore, and M. L. Rockmore filed a claim and gave a forthcoming bond. After the property was found subject on trial of the claim case, the constable advertised it for sale, and it was not produced. The constable, for the use of Brown as plaintiff

24

in fi. fa., sued on the forthcoming bond. In defense to this action it was set up that, while the claimant was in possession of the property, it was seized under a distress warrant in favor of a Mrs. Goodrum against the Kola Company. To a judgment in favor of the plaintiff in the action on the bond the present exception is taken.

A prima facie breach of the bond is conceded; but it is said that the defense is good because the failure to produce property under a forthcoming bond is sufficiently excused by showing that performance was rendered impossible, either by the act of the obligee in the bond, by interference of the law, or by an act of God. We recognize the general correctness of the proposition of law asserted. *Floyd* v. *Cook,* 118 *Ga.* 526 (45 S. E. 441, 63 L. R. A. 450) ; *Allen* v. *Allen,* 119 *Ga.* 278 (45 S. E. 959). A familiar application of the principle is where a defendant in fi. fa. has given a forthcoming bond, and the property is afterwards levied on by another process superior to the execution originally levied; but wherever the defendant in an action on such a bond attempts to set up the act of the law as an excuse for non-compliance with the condition of the bond, he has the burden of showing that the process by which the property was taken from his possession was legally adequate for that purpose. In the case before us there is no evidence whatever that the constable who levied the distress warrant on the property as the property of the Kola Company had any right to do so. The Kola Company was, so far as the record shows, an entire stranger to the transaction. If the levy was rightful, under the circumstances, the defendant has utterly failed to show it. Hence he failed to make good his proffered excuse for non-compliance. The attitude in which the evidence in the case leaves him is that, under a claim which was found to be not meritorious, he got possession of this property, which was subject to the execution of the plaintiff, upon a covenant and bond to return it when called for, for purposes of sale, in the event his claim was not sustained ; and while he was thus in possession of the property, certain outsiders, the nature of whose rights is not disclosed, caused it to be levied on under process which is not shown to be in any way paramount to that under which it had already been seized, and now he attempts to hold the plaintiff in fi. fa. responsible for the interference of the outsider. The act of the law justifies non-

production; but there is a vast difference between the act of the law and the act of a constable, for the act of the constable may or may not be the act of the law.

The plaintiff in error urges that it was not incumbent on him to resist with force the act of the constable in levying on the property and thereby lay himself liable to prosecution for resisting an officer in the execution of legal process. We may well agree with him as to this, but at the same time we are aware that the law has afforded ample remedies by which illegal seizures under color of process may be defended against, and by which property may be released from illegal levies. The plaintiff in error brought the trouble on himself when he gave the bond and took the property under a claim which he could not sustain. *Judgment affirmed.*