Anton J. Cermak for use of Utah Copper Company, Appellant, v. Charles H. Aldrich and William E. Dodson, Appellees.

## Gen. No. 22,970.

1. EXECUTION—*what does not constitute valid delivery or tender of property under redelivery bond.* Where a judgment debtor gave a redelivery bond for certain personal property levied upon under an execution issued on the judgment against him, and while the bond was yet in force filed a voluntary petition in bankruptcy, upon which the bankruptcy court issued and served an order upon the officer taking the bond restraining him from taking any further action on the judgment, on the day preceding which the debtor for himself and his bondsman informed the officer of the debtor's contemplated petition in bankruptcy and requested him to retake the property, which remained at the place designated in the bond for its redelivery, *held* that there was neither a valid tender nor a valid delivery of the property as contemplated by the bond.

2. EXECUTION—*when surety on redelivery bond is not discharged from liability.* The surety upon a redelivery bond given by a judgment debtor upon levy of an execution issued under the judgment against him is not discharged from liability on the bond by the debtor's discharge in bankruptcy upon his voluntary petition filed prior to a legal redelivery of the property under the bond, where the debtor at the time he filed his petition in bankruptcy had an order issued and served upon the officer taking the bond restraining him from taking further action on the judgment.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed December 21, 1917. Rehearing denied December 29, 1917. ·

S. C. IRVING, for appellant.

PARK PHIPPS and WALTER F. COOLING, for appellees; CHARLES H. ALDRICH, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

By this appeal it is sought to reverse a judgment in favor of appellees, in an action by appellant, for the use of the Utah Copper Company, against appellees, on a delivery bond.

On September 16, 1913, the Utah Copper Company recovered a judgment for $1,611.40 and costs against Charles H. Aldrich, one of the defendants herein. On October 25th an execution was issued thereon, and on December 4th the bailiff of the Municipal Court of Chicago made a levy upon certain personal property located in the home of the said Aldrich at No. 700 Irving Park boulevard in the City of Chicago. This property was released shortly thereafter upon the giving of a delivery bond by the said Aldrich, in accordance with section 44, ch. 77, Rev. St. of Illinois (J. & A. ¶ 6791), executed by himself as principal and defendant William E. Dodson as surety. The condition of the bond was that if the property therein described should be redelivered to the said bailiff at No. 700 Irving Park boulevard on December 22, 1913, free from injury, etc., the bond was to be void, otherwise it was to remain in full force and effect.

On December 20, 1913, the said Aldrich filed in the Federal District Court a voluntary petition in bankruptcy, and in the forenoon of the same day caused to be issued by the said court and served upon the bailiff of the Municipal Court an order restraining the latter from taking any further action on the judgment obtained by the Utah Copper Company and from selling the property in question. Then followed this suit on the delivery bond.

Both defendants joined in an affidavit of merits alleging that on the 19th day of December they notified the bailiff that they desired to surrender the said property and obtain a release of the bond and that the said bailiff promised to retake possession thereof on the morning of December 20th; that again, on the morning of the 20th, defendant Aldrich saw the bailiff

at the latter's office and advised him that he was about to file a petition in bankruptcy and that he desired, on behalf of himself and his bondsman, to surrender the property in question before the petition was filed, and that the bailiff again assured him that he would retake immediate possession thereof; that some hours thereafter the said Aldrich filed a voluntary petition in bankruptcy, and that before the bailiff repossessed himself of the property in question, the Federal District Court issued an order restraining the bailiff from taking any further action on the judgment and from selling the said property; that the property levied upon, and for which the delivery bond was given, was at the place designated in said bond on December 22nd as required; and that the said Aldrich had within four months from the rendition of the judgment in favor of the Utah Copper Company been duly adjudged a bankrupt, whereby the said lien acquired by plaintiff by reason of the execution and levy was discharged by operation of law.

Plaintiff moved the court to strike the amended affidavit of merits from the files, but the court overruled said motion and entered the judgment herein complained of.

While in some instances the mere presence of the property at the time and place set forth in the bond may constitute a delivery thereof, yet we are of the opinion that this was not the situation in the case at bar. Had the bailiff of the Municipal Court attempted to take possession of the property in question after the filing of Aldrich's petition in bankruptcy and the issuance and the serving upon the said bailiff of the restraining order, such action would have constituted a contempt of court. He was therefore rendered powerless to retake the said property by the voluntary action of the principal in the delivery bond. And the fact that defendants requested the bailiff on December 19th to retake the property immediately does not

alter the situation. This was a mere attempt to evade liability on the bond, which provided for the delivery of the property to the bailiff at the time and place of sale. In our opinion, there was neither a valid tender nor a valid delivery of the said property as contemplated by the delivery bond.

Counsel for defendants refers us to several cases wherein the defense of bankruptcy was available to both the principal and the surety on the bond. An examination of the authorities cited reveals that these were mainly actions on attachment bonds, the condition of which was to pay any judgment which might be subsequently rendered against the attachment debtor; the reviewing court held that the lien created by the attachment levied within four months next preceding the filing of the petition in bankruptcy was rendered null and void by section 67f of the Bankruptcy Act, and that no action would lie against the surety on the bond because no judgment could be procured against the principal, and that inasmuch as no breach of the bond could be shown, the statutory liability could not arise. (*House v. Schnadig,* 235 Ill. 301.) In the case at bar, however, the undertaking in the bond was to redeliver the property in question to the bailiff at a certain time and place, and not to pay any judgment which might be subsequently rendered against the principal; and it appearing that the said property was not legally redelivered as required by the bond, we fail to perceive how the surety can escape liability under cover of his principal's bankruptcy. Section 16 of the Bankruptcy Act makes it clear that the discharge of the principal shall be a personal defense in nowise affecting the liability of his surety or guarantor. A case very much in point is that of *Brown & Brown Coal Co. v. Antezak,* Ann. Cas. 1912 B, p. 778 [164 Mich. 110]. The undertaking in the bond there sued upon was that if the principal should prosecute an appeal with all due diligence to a decision in the Cir-

cuit Court, etc., the bond was to be void, otherwise it was to remain in full force and effect. Instead of doing so, the principal filed a petition in bankruptcy and was subsequently duly discharged. The court, in a well-considered opinion, held that the surety was liable notwithstanding the judgment debtor's discharge in bankruptcy, and we think the following language on page 781 is applicable to the situation now confronting us:

"Now, did the principal comply with this condition of the bond? Instead of prosecuting his appeal, he voluntarily sought relief through bankruptcy in the federal court, and interposed that proceeding * * * as an absolute bar to a recovery. These acts are clearly inconsistent with his obligation as expressed in the bond."

And, in an analogous case, the court in *San Francisco Sulphur Co. v. Ætna Indemnity Co.,* 11 Cal. App. 695, stated:

"There is an affirmative defense set forth in the answer, and the parties admit that W. F. Clark & Bro. filed a petition in bankruptcy within four months after the levying of this attachment, and it is claimed by defendant that, by reason of this petition and the adjudication of bankruptcy which followed, the attachment became void from its inception, and that therefore the bond given to release the attachment was without consideration, and null and void. This contention rests on section 67f of the Bankruptcy Act of 1898. * * * The obligation of the surety was to pay the debt when it should be established by a judgment. A judgment was recovered in that action by plaintiff, and we think the liability of the surety to pay it was unaffected by the subsequent proceedings in bankruptcy. It has been so held in this State and elsewhere."

To the same effect are, *McCombs v. Allen,* 82 N. Y. 114, and *Rice v. Nirdlinger,* 41 Pa. Super. Ct. 238. While it is true that the court, in *Chalker v. Thompson,* 72 Ga. 478, held to the contrary, this decision is

against the weight of authority. We conclude, therefore, that defendant Dodson cannot avail himself of Aldrich's discharge in bankruptcy; and defendants having filed a joint affidavit of merits, it is obvious that the court erred in overruling plaintiff's motion to strike same from the files.

For the reasons above assigned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*