### 10907. JENKINS *v.* SWICORD.

STEPHENS, J. 1. While, under the Civil Code (1910), § 6047, a levy upon personal property sufficient to pay the debt, unaccounted for, raises a presumption of a satisfaction of the execution, no such presumption arises where the property is afterwards sold for a sum insufficient to satisfy the execution.

2. Where the defendant in a trover suit executes to the plaintiff a bond conditioned to produce the property to answer any judgment that may be rendered against the defendant, and to pay the eventual condemnation money, and a judgment is thereafter rendered in the proceedings against the defendant and the surety for a certain sum, with a special lien on the property, a levy on the property under the judgment, where it is afterwards sold for a sum insufficient to pay the debt and satisfy the judgment, will not amount to a satisfaction of the judgment or operate to discharge the surety, where it does not appear that the property when levied on was sufficient to satisfy the judgment. This is true where the sale of the property was postponed by the defendant's filing an affidavit of illegality to the levy and replevying the property by giving a bond with a different surety, and the defendant, after replevying the property, used it and caused it to depreciate in value and to become incapable of satisfying the judgment.

3. The surety in the original bond given for the payment of the eventual condemnation money in the trover suit having made a motion to set aside the judgment as to him, upon the ground that a levy on the property by the sheriff amounted to a discharge of the surety, and the evidence having failed to disclose the value of the property when levied upon, the verdict and judgment discharging the surety were unsupported by evidence and contrary to law. The court erred in overruling the motion for a new trial.

      *Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1920. REHEARING DENIED SEPTEMBER 27, 1920.

Motion to set aside judgment; from city court of Cairo — Judge Rigsby. September 2, 1919.

*Bell & Weathers,* for plaintiff.
*S. P. Cain,* for defendant.