24331. CARROLL *et al.* v. RICHARDS, sheriff.

DECIDED DECEMBER 17, 1934.

*Waller Matthews,* for plaintiffs in error. *Boykin & Boykin,* contra.

SUTTON, J. Carroll listed two mules in his State and County tax return for 1926. He did not pay the taxes assessed against him for that year; and execution issued, was levied upon these mules, and they were sold for taxes, under the execution. In 1925, Carroll conveyed these mules to the Carroll Agricultural Credit Corporation to secure a loan. This bill of sale also conveyed the crops to be grown upon certain lands within the next year, and was executed pursuant to the act of August 22, 1925 (Ga. L. 1925, p. 118; Michie's Code, § 3310(1)), and it was stipulated therein that it passed "the title to the crops and other personal property described therein until said indebtedness hereby secured shall have been fully paid." This debt was not paid, and in 1926, before the levy of the tax execution, the credit corporation instituted proceedings to foreclose this bill of sale as a chattel mortgage, and the fi. fa. was levied

upon these mules. The defendant in fi. fa. delivered to the levying officer, at the time of filing his counter-affidavit, a forthcoming bond properly conditioned. The mortgagee obtained final judgment in the mortgage-foreclosure proceedings against the mortgagor, and, when the mules were not forthcoming at the sale, the sheriff instituted the present action against the mortgagor and the surety on the forthcoming bond. The defendants defended upon the ground that the mules had been sold for taxes for the year 1926, and that this constituted a sale under a superior legal process. At the time of the levy and sale under the tax execution the mortgage fi. fa. had been levied, but final judgment had not been obtained. The trial judge directed a verdict against the defendants on the bond, and they moved for a new trial, the motion was overruled, and a writ of error was sued out to review this judgment. The question for determination in this case is whether the sale of the mules under the tax execution was a sale of the property under a legal process superior to the mortgage fi. fa. issued on the foreclosure of the bill of sale.

1. All real and personal estate, whether owned by individuals or corporations, resident or nonresident, is liable for taxation. Civil Code (1910), § 1002. All property or other things of value, subject to taxation, must be given in by the taxpayer. § 1010. Taxes are to be charged against the owner of property if known, and against the specific property itself if the owner is not known. While the public may treat property as belonging to one to whom it has been conveyed to secure a debt, yet the debtor in possession and receiving the use and benefit of the property is liable for the tax. This is the logical intent of section 1018 of the Civil Code. Those who own and enjoy the property are chargeable with the tax thereon. *Austell* v. *Swann,* 74 *Ga.* 278, 281; *Justice* v. *Parnin,* 130 *Ga.* 869, 871 (61 S. E. 1044); *Wright* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 406, 410 (91 S. E. 471). For the purpose of collecting the tax upon the mules in his possession, the defendant should be considered as the owner thereof, although he had parted with the legal title thereto by conveyance to secure a debt. In other words, it was not irregular for the defendant to return this property for taxation, and for the taxing authority to assess the tax thereon against him. *Decatur County B. & L. Asso.* v. *Thigpen,* 173 *Ga.* 363, 365 (160 S. E. 387) and cit.

(a) Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject. Civil Code (1910), § 1140. Taxes are not only against the owner, but are against the property also, without reference to judgments, mortgages, sales, transfers or incumbrances. The only concern as to the owner is to know against whom the assessment is to be made; but the tax or lien therefor is against the property. *Wilson* v. *Boyd,* 84 *Ga.* 34 (10 S. E. 499); *Verdery* v. *Dotterer,* 69 *Ga.* 194; *Bibb National Bank* v. *Colson,* 162 *Ga.* 471, 473 (134 S. E. 85).

(b) Liens for State, county, and municipal taxes are superior to all other liens. Civil Code (1910), §§ 3329, 3333. Such lien follows the property into the hands of bona fide purchasers. *Freeman* v. *Atlanta,* 66 *Ga.* 617. It may be enforced as against a mortgagee whose mortgage was prior to the assessment, or as against the holder of the legal title to personalty conveyed to secure a debt, acquired prior to the return and assessment of the property, which remained in possession of the debtor. *Verdery* v. *Dotterer,* supra; *Phœnix Mutual Life Ins. Co.* v. *Appling County,* 164 *Ga.* 861 (139 S. E. 674); *Bibb National Bank* v. *Colson,* supra.

(c) The law provides that a notice shall be given to the holder of a security deed conveying realty of the sale of the property under a tax fi. fa., but there is no provision as to the vendee of a bill of sale to personalty to secure debt. See Ga. L. 1925, p. 252. There is no suggestion in the record of this case of any fraud upon the part of the vendor in the bill of sale as to the sale of these mules under the tax fi. fa.; nor of any acts upon his part, or that of his surety on the forthcoming bond, such as might estop them from setting up the sale of the mules under the tax fi. fa. as a defense to an action for a breach of the forthcoming bond for failure to produce the mules in accordance with the conditions of the forthcoming bond.

(d) So it is our opinion that the sale of the mules under the tax fi. fa. was a sale under a superior legal process to the mortgage fi. fa. which had been levied upon such mules.

2. A bill of sale to personalty to secure a debt may be foreclosed in the same manner as a chattel mortgage. Civil Code (1910), § 3298, as amended by the act of 1921 (Ga. L. 1921, p. 114); Civil Code, §§ 3286 et seq. Under this method a fi. fa. issues immediately

upon the making of an affidavit that the debt is due. The mortgagor may arrest the proceedings by fillng a counter-affidavit setting up any legal defense which he might have to the debt in an ordinary suit at law; and shall give a replevy bond or file a pauper affidavit, and thus postpone the sale until final judgment. Civil Code (1910), §§ 3300, 3301; *Collier* v. *Blake,* 16 *Ga. App.* 382 (85 S. E. 354); *Ford* v. *Fargason,* 120 *Ga.* 606 (48 S. E. 180).

3. If the property described in a replevy bond given by the mortgagor under section 3301 of the Civil Code be taken from the mortgagor's custody under superior legal process, this may be shown as a defense to an action on the bond; but if the mortgagor surrenders the property under a process which is invalid or inferior to the lien of the mortgage, this would be no defense to a suit on the bond. *Kinney* v. *Avery,* 14 *Ga. App.* 180 (80 S. E. 663); *Rockmore* v. *Garner,* 9 *Ga. App.* 369 (71 S. E. 506); *Floyd* v. *Cook,* 118 *Ga.* 526 (45 S. E. 441, 63 L. R. A. 450); *Allen* v. *Allen,* 119 *Ga.* 278 (45 S. E. 959).

4. The lien of the State for taxes being superior, the sale of the personalty involved in this case under a fi. fa. issued for failure to pay the taxes due on this property constituted a sale under a legal process superior to the bill of sale to secure a debt, which had been executed by the owner of the property prior to the levy of the tax fi. fa. It follows that the judge erred in directing a verdict against the defendant and the surety on the forthcoming bond, and consequently erred in overruling their motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*