34524. V.M.C. PRODUCTS, INC. *et al. v.* HENRY.

Decided May 13, 1953—Rehearing denied May 27, 1953.

*Richard T. Nesbit,* for plaintiffs in error.
*Phillips, Johnson & Williams,* contra.

SUTTON, C. J. (After stating the foregoing facts.) In their amended motion for a new trial, the defendants contend that the judgment was contrary to the law and evidence, in that: (1) the plaintiff testified that he knew about the sale of his accessories by the sheriff after the sale was held but before asking McCullough for the accessories; (2) the plaintiff's property in the defendants' possession was seized under a lien of superior dignity to the plaintiff's lien, and compliance with the forthcoming bond was thereby rendered impossible; (3) the court made the legality of the levy the issue in the case and placed the burden on the

defendants to prove the legality of the levy and the amount realized from the sale; (4) the court failed to recognize that acts performed by public officers are presumptively valid; (5) the .court refused to admit in evidence the execution and levy attached to the motion as an exhibit, under which the accessories belonging to the plaintiff were taken from the defendants' possession, over the objection that the original levy on September 30, 1949, upon the milling machine and lathe had not been accounted for, and that there was no evidence to show there was any balance due on the execution; (6) the plaintiff admitted that he was in Winder when he obtained judgment for the accessories and did not request the return of the accessories until more than a year later, after he had heard about the sale of the accessories, and that he had not paid the execution in full; (7) the court did not permit the defendants to introduce the execution and levy, which would tend to prove that the defendants were agents of the levying officer and so were not answerable to a suit in which their principal had not been made a party; and (8) the plaintiff was the transferee and alter ego of the corporation against which the execution was issued and levy made, and so was estopped from claiming a breach of the forthcoming bond.

The execution which the defendants sought to introduce in evidence was issued on October 11, 1948, by the Revenue Commissioner of Georgia, and was for $1,306.26 in unpaid contributions to the unemployment trust fund. It contained an entry of levy signed by W. G. Cagle, a Deputy Sheriff of DeKalb County, upon a No. 12 Van Norman milling machine and a LeBlond lathe, and was dated September 30, 1949. There were credits entered for payments made on December 1, 1948, January 3, 1949, and December 21, 1950, totaling $402.60, of which $293.91 had been credited upon the principal of the execution. These credits appeared over the signature of J. W. Warren. It was shown that the sheriff's sale at which this property was sold was advertised as to be held on the first Tuesday in November, 1949, but there was nothing on the execution to show what amount was raised by the sale of the lathe and the milling machine, or how the proceeds of the sale, if any, had been applied.

The question for determination is whether the court erred in

excluding the execution and levy from evidence and in thereby depriving the defendants of their only defense to the suit on the forthcoming bond. If the property described in a forthcoming bond is taken from the obligor's possession under valid legal process superior to that under which the property was originally brought into the law's possession, this may be shown as a defense to an action on the forthcoming bond; but if the obligor surrenders the property under a process which is invalid or inferior to the lien or title upon which the first proceeding was based, this would be no defense. *Carroll* v. *Richards,* 50 *Ga. App.* 272, 275 (3) (178 S. E. 178); *Kinney* v. *Avery,* 14 *Ga. App.* 180 (80 S. E. 663); *Allen* v. *Allen,* 119 *Ga.* 278 (45 S. E. 959); *Floyd* v. *Cook,* 118 *Ga.* 526 (45 S. E. 441, 63 L.R.A. 450). The obligor and his surety have the burden of showing that the process by which the property was taken from the obligor's possession was legally adequate. *Rockmore* v. *Garner,* 9 *Ga. App.* 369 (71 S. E. 506).

"A levy upon personal property sufficient to pay the debt, unaccounted for, shall be prima facie evidence of satisfaction to the extent of the value of such property." Code § 39-601. The value of the property embraced in an unexplained levy is essential to determine whether a presumption of satisfaction is raised. *American Harrow Co.* v. *Banks Bros.,* 127 *Ga.* 203 (56 S. E. 300). And no presumption of satisfaction arises where the property is sold for a sum insufficient to satisfy the execution. *Jenkins* v. *Swicord,* 25 *Ga. App.* 640 (1) (104 S. E. 18).

The plaintiff testified that the milling machine described in the levy of October 11, 1949, was worth $3,000, and that the lathe also described was then worth $6,000. The defendant, McCullough, testified that $465 was paid to the sheriff for the milling machine. The execution was thus shown to have been satisfied to the extent of $465 by the sale of the milling machine, and it was uncontroverted that the lathe also described in the levy was worth $6,000, more than enough to have satisfied the execution in full. The amount for which the lathe was sold was not shown.

While the lien of the unemployment-contributions execution was superior to the title of either Henry & Hutchinson, Inc., or Joel T. Henry, who succeeded by assignment to the corporation's

rights as the obligee of the forthcoming bond, nevertheless, the defendants failed to carry the burden of showing that the execution under which they had surrendered the property to the levying officer was valid at the time of the second levy; on the contrary, it was shown prima facie to have been satisfied by the first levy, of September 30, 1949.

Therefore, the court did not err in excluding the execution and the second levy thereunder from evidence, as complained of in ground 5 of the motion for a new trial. What we have stated disposes of the other grounds of the motion. The defendants, in their answer, confessed the plaintiff's action on the forthcoming bond and sought to avoid it by the defense of a levy made under process superior to the plaintiff's title, but they failed to sustain this defense by proof. The finding for the plaintiff was supported by the pleadings and the evidence, and the court did not err in denying the defendants' motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*