87 566
92 121

87 566
103 193

87 566
f110 632

87 566
o119 279

87 566
120 468

AYCOCK et al. v. AUSTIN, sheriff, for use.

1. Two bonds for the forthcoming of personal property levied upon by the sheriff by virtue of two executions in favor of the same plaintiff against the same defendant (one of them being also against another defendant) may, after breach thereof, be sued upon by the sheriff in one action, the makers of both bonds being the same persons, and the sheriff being the obligee in both. All causes of action of like kind between the same parties may be joined. Code, ¿3261.

2. Where the defendant in fi. fa. gives to the sheriff a forthcoming bond for the production of the property at the time and place of sale, and afterwards the levy is duly advertised and the property not produced, the bond is broken, notwithstanding a third person may, on the day of sale, interpose a claim thereto, and the sheriff accepts a claim affidavit and bond. A recovery may be had on the forthcoming bond pending such claim, and the sheriff will hold the money collected in the suit upon the forthcoming bond for whom it may concern. That the suit is brought for the use of the plaintiff in execution, will not hinder a recovery, such recovery being allowable only for the purpose of indemnifying the sheriff.

3. Whether interest is recoverable or not on the forthcoming bond, is not a question for adjudication by the Supreme Court, when it does not appear that the attention of the trial court was ever called to the same.

July 13, 1891.

Forthcoming bond. Actions. Levy. Claim. Interest. Practice. Before Judge BOYNTON. Rockdale superior court. September term, 1890.

Reported in the decision.

A. C. McCalla and A. C. Perry, for plain,iffs in error.

J. N. Glenn, *contra.*

Simmons, Justice.

It appears from the record that Reynolds obtained a judgment against W. T. Aycock, and also a judgment against W. T. Aycock and his wife, L. F. Aycock. Upon these judgments executions were issued and levied upon 3,000 pounds of seed-cotton in the field. Aycock, desiring to keep possession of the cotton, gave the sheriff two bonds, with Almand as security, for the forthcoming of the property on the day of sale. The sheriff advertised the cotton for sale, and on the day of sale Aycock failed to produce the cotton. On the same day two claim affidavits were filed by Almand and George, in which they alleged that the cotton was not the property of Aycock, but their property. These claims the sheriff accepted and returned to the proper court. The cotton not having been produced by Aycock as agreed in his bonds, the sheriff brought suit on the bonds for the use of Reynolds, the plaintiff in execution. On the trial of the case the jury returned a verdict for the plaintiff, and the defendant made a motion for a new trial, which was overruled, and he excepted. There are several grounds in the motion complaining that the court admitted evidence over the objection of the defendants, but the grounds of objection are not stated in any of them, and we therefore decline to notice them.

1. One of the grounds relied upon by the plaintiffs in error for a reversal of the judgment of the court below was, that the court erred in admitting the two *fi. fas.* in evidence, because there was a misjoinder of causes of action. There was no error in overruling the motion for a new trial upon this ground. Aycock and Almand signed both bonds, and both were made payable to

Austin. They were therefore two contracts between the same parties. The code, §3261, allows all causes of action of a like kind between the same parties to be joined in one action.

2. The defendant requested the court to charge that "If the jury believes from the evidence that the sheriff, Austin, received claims filed to the levies made by him to the property described in the levies, as shown by the entries on the *fi. fas.*, and returned the same to the court for trial of the rights of property, then plaintiff cannot recover in this action, and it will be your duty to find for the defendants." The refusal of the court to give this in charge is one of the grounds of the motion for a new trial. The court did right in refusing to instruct the jury as requested. The defendants obligated themselves to deliver the cotton to the sheriff on the day of sale. When that day arrived, and they failed or refused to deliver the cotton, there was a breach of the bonds. The fact that a third party on the same day filed a claim to the cotton did not release Aycock and Almand from their obligation to deliver the cotton to the sheriff on that day, nor did the fact that the sheriff accepted the claims and returned them to court release them. When the condition of the bonds was broken, the sheriff had the right to commence his action thereon, and to recover the value of the cotton for the use of the plaintiff in *fi. fa.* When he recovers the money, it will be his duty to hold the same until the claim cases are disposed of.

3. It was argued before us that the plaintiff could not recover interest on the forthcoming bond. Whether that is so or not we will not decide, because it does not appear that the attention of the trial judge was called to this question.        *Judgment affirmed.*