· YOUNG *v.* WALDRIP.

The falling of a mule into a post-hole overgrown and concealed by grass, if this occurred on the premises of the person chargeable with the care of the mule, is not the act of God and will not relieve a *bona fide* claimant of the property from producing the same in fulfillment of his contract in a forthcoming bond given under the claim laws of this State. In an action upon the bond the burden of proof being upon the defendants to account fully for the non-production of the property, the finding of the court in this case was unwarranted, the evidence not showing on whose premises and under what circumstances in detail the mule was killed. A plea alleging the death of the mule without negligence or fault of the claimant, was insufficient and should have been stricken on demurrer, there being no allegation that the death was caused by the act of God.

July 10, 1893

Before Judge ATTAWAY. City court of Cartersville. September term, 1892.

JOHN W. AKIN, by brief, for plaintiff.

No appearance *contra.*

SIMMONS, Justice.

Young obtained a judgment against J. C. Waldrip, and had it levied upon a mule as the property of the defendant. Mrs. Waldrip claimed the mule, and gave a forthcoming bond to the sheriff, whereby she agreed to produce it on the day of sale if it should be found subject. Upon the trial of the claim case the property was found subject, and it was readvertised by the sheriff. On the day appointed for the sale the claimant failed to produce the mule. Suit was brought upon the forthcoming bond, and a plea was filed alleging that the mule "did after giving said bond die without any fault or negligence upon the part of either of the defendants; and therefore they were unable to produce said mule to the sheriff as stipulated in said bond; and these defendants say that their inability to produce said mule was on account of his death; and that this was sufficient in law to excuse and free them from their obligation to produce it under the bond." To this plea the plaintiff demurred on the ground that it set out no legal defence to the action. The demurrer was overruled; and the court, acting by consent of the parties without a jury, tried the case and decided that the claimant was not liable. To this ruling and finding the plaintiff excepted.

All that appears from the record as to the manner of the mule's death is the following: "Defendants proved by J. C. Waldrip that he was the husband of Mrs. Frances Waldrip, and that the mule was killed by having its leg broken by stepping in a post-hole which was concealed by an overgrowth of grass, from which the mule died without fault or negligence on his part or on the part of his wife, and the injury to the mule occurred

without fault of himself or claimant." When property is levied upon and a claim thereto is filed and a forthcoming bond given, and the claimant takes the property into his possession, he is responsible for its care and safe-keeping; and if it is injured or wasted while in his possession, it is at his risk. If it is a live animal and dies while in his possession, he is responsible for its value, unless he can show that its death was caused by the act of God and is in no wise the result of his own conduct. Some authorities hold that even the act of God will not excuse him; but analogizing an action for the recovery of damages on a forthcoming bond to other actions for the recovery of damages where property claimed dies or is destroyed or injured pending the litigation, we are inclined to think that the act of God should relieve a *bona fide* claimant from the production of the property, or from the payment of damages on account of his failure to produce it. Section 3078 of the code declares that "the death or destruction, or any material injury to the property, pending the litigation, shall be no defence to a mere wrong-doer. If the defendant is a *bona fide* claimant, and the injury arises from the act of God, and [is] in no wise the result of defendant's conduct, the jury may take the same into consideration," etc. We are clear that nothing else than this will, or ought to, excuse a claimant for the non-production of the property according to the terms of the bond. A plea, therefore, which alleges that the animal for the forthcoming of which the bond was given died without fault or negligence on the part of the claimant, but which does not allege that its death was produced by the act of God, is defective, and should be stricken on demurrer.

The falling of a mule into a post-hole overgrown and concealed with grass, if this occurred on the premises of the person chargeable with the care of the mule, is

not the act of God and will not relieve a claimant from producing the mule in fulfillment of his contract in the forthcoming bond. The evidence in this case does not show upon whose premises and under what circumstances in detail the mule was killed. The burden of proof being upon the defendants to account fully for the non-production of the property, the finding of the court in favor of the defendants was unwarranted.

*Judgment reversed.*