BARFIELD *et al. v.* COVINGTON, to use, etc.

1. Where the property of a tenant was levied upon under an execution, and a forthcoming bond was given for the same by him, with his landlord as surety thereon, it was not a good defense to an action upon such bond by the levying officer, that the tenant had, after giving the bond, delivered

the property in question to the landlord in settlement of a debt due the latter for rent, and that the landlord had, after this had been done, sued out a distress warrant for the rent and placed the same in the officer's hands. This is true though the landlord's lien for the rent may have been superior to that of the judgment from which the execution in question issued.

2. Nor in such case was it valid matter of defense that a third person had filed a claim to the property after the giving of the forthcoming bond.

Argued October 25, — Decided November 30, 1897.

Action on bond. Before Judge Smith. Wilcox superior court. March term, 1897.

Covington, sheriff, suing for the use of Bullock, Bush & Co., brought an action against W. C. Barfield as principal, and W. B. Owens as surety, on a forthcoming bond. The case by consent was tried by the court without a jury, upon an agreed statement of facts, and judgment was rendered for the plaintiff against the defendants for $100; whereupon they excepted. The agreed statement of facts was as follows: "1. That L. C. Covington, sheriff, levied, on the 12th day of October, 1894, a certain execution upon a common-law judgment in favor of Bullock, Bush & Co. v. W. C. Barfield, for $128.81 principal, $20.45 interest, and $8.85 costs, on property hereinafter described; that said Barfield, as principal, and W. B. Owens, as security, executed and delivered to L. C. Covington, sheriff, a forthcoming bond in the sum of $216.22, for the faithful delivery of the property levied on, at the time and place of sale. 2. That the property levied on was legally advertised for sale on the first Tuesday in December, 1894; which property consisted of three bales of cotton and fifty bushels of corn. 3. That said Barfield was at the time of said levy a tenant of said Owens, having rented from him a farm for the year 1894, and said cotton and corn were grown upon said land by said Barfield in 1894. Said Barfield was indebted to said Owens for rent for said year 1894, in a sum equal to the value of said cotton. 4. That said Owens applied said cotton to the payment of his said rent before the day of sale, but after the giving of said forthcoming bond. 5. That prior to said day of sale said Owens sued out a distress warrant against said Barfield and placed the same for enforcement in the hands of L. C.

Covington, sheriff. 6. That on said day of sale said Barfield and Owens failed and refused to produce said cotton and corn, said Owens stating that he had sold said cotton and applied the proceeds of the same to his rents. . . It is further agreed that the property levied on . . was worth $100. It is further agreed that the corn levied on was claimed by the wife of the defendant in fi. fa. before the day of sale, and she had placed her claim bond in the hands of said Covington, sheriff, which bond was accepted by him."

*D. B. Nicholson* and *J. H. Martin,* for plaintiffs in error.
*Thomson & Whipple,* contra.

FISH, J. 1. The forthcoming bond given to the sheriff by Barfield as principal, and Owens as surety, was executed under section 5436 of the Civil Code, and the failure to deliver the property described in the bond, at the time and place of sale, was a breach thereof, for which the sheriff could recover of them the value of such property. They could not relieve themselves of their obligation to produce the property by subsequently applying it to the payment of rent due by Barfield to Owens. While Owens had a landlord's lien for rent upon the crops grown upon the rented premises during the year 1894, superior to the lien of the common-law judgment of Bullock, Bush & Co., yet, in order for him to have realized the benefit of such superior lien, under the facts of this case, it was necessary for him to have sued out a distress warrant against Barfield, placed it in the hands of the sheriff, and demanded that the proceeds of the sale of the crop be applied to the satisfaction of the lien for rent, in preference to the judgment lien. In such an administration of the property by the court, the rights of all parties interested therein could have been determined, according to the facts of the case. The suing out of the distress warrant by Owens and placing it in the hands of the sheriff, after the property had been applied to the payment of the rent, did not affect the liability of Barfield and Owens for the breach of the bond.

2. Nor was it a valid matter of defense that, after the forthcoming bond sued on had been given to the sheriff and before

the day of sale, Mrs. Barfield interposed a claim to the corn mentioned in the bond, placed her claim bond in the hands of the sheriff, and had him to approve and accept the same. Defendants obligated themselves to deliver the corn to the sheriff at the time and place of sale. Their failure to comply with this obligation was a breach of the bond, for which the sheriff was entitled to recover. *Aycock* v. *Austin,* 87 *Ga.* 566.

<div align="center">

*Judgment affirmed.　All the Justices concurring.*