## CARR *v.* HOUSTON GUANO & WAREHOUSE CO.

1. In an action for an alleged breach of a forthcoming bond, executed under the provisions of section 2766 of the Civil Code, the obligors are liable for the full value of the property replevied, if it does not exceed the amount of the mortgage debt, or, in case it does exceed such debt, then in a sum equal to the latter, unless they show affirm- atively that their failure to return the property when called for by the levying officer was caused by the act of God, and was in nowise the result of their conduct or negligence.

   (*a*) In such a case, where the property replevied consisted of live stock, and the defendants introduced evidence tending merely to show that such live stock, while in the possession of the principal obligor, had died, and there was no evidence going to show that such death was caused by the act of God and was in nowise the result of their conduct or negligence, a verdict for the plaintiff for the value of the property, which did not exceed in amount the mortgage debt, was not contrary to law or to the evidence.

2. The charges complained of, when taken in connection with the entire charge, were not erroneous; the charge as a whole fairly and fully submitted to the jury the issues involved, and no sufficient reason appears why the discretion of the presiding judge in over- ruling the motion for a new trial should be disturbed.

Submitted June 27, — Decided July 26, 1898.

Action on bond.    Before Judge Felton.    Crawford superior court.    October term, 1897.

*Robley D. Smith,* for plaintiff in error.
*Louis L. Brown,* contra.

LITTLE, J.    Lockhart, as principal, and Carr, as security,. executed a forthcoming bond, the condition of which was that two mules which had been levied on as the property of the prin- cipal, under a mortgage fi. fa. against him, to which he had in- terposed an affidavit of illegality, should be turned over by him

to the levying officer in case the issue should be determined against him. The illegality was dismissed and the fi. fa. ordered to proceed; and the mules were advertised for sale by the sheriff, but were not forthcoming on the day of sale, having died before that time. The plaintiff in execution brought suit against the principal and the surety on the bond, and the defendants filed a plea setting up that the death of the mules was the act of God, and was due to no fault or negligence on their part. The evidence upon which the defendants relied to show the death of the mules, and their consequent release of liability under the forthcoming bond, is as follows: J. L. Hammett testified: One of the mules was killed by lightning, one died with blind staggers, and two more in the pasture in a swamp.—R. H. Lockhart Jr. testified, that one of the mules mortgaged was killed by lightning before the levy; one died with blind staggers, the other two died in a swamp in the pasture. The pasture was a good one; a fine crop of corn and peas had been raised that year, and there was also a fine crop of hay. The mules were in bad condition. My father turned them in there to fatten them up.—W. P. Carr, one of the defendants, testified: One of the mules died with blind staggers. Two were turned in a swamp in a pasture. It was a fair pasture, and there was other stock in there. Mr. Lockhart gave good attention to the mules, and kept corn in the trough in the pasture all the time. They died in the pasture. I do not know what was the matter with them; they took sick and died. I do not know what attention these mules received, as I do not live with Lockhart. I saw Lockhart carry corn down there.—A. T. Simley testified: One of the mules died with blind staggers, the other two died in the pasture.

There was a verdict for the plaintiff for one hundred dollars. The defendants made a motion to set aside the verdict and for a new trial; and on this motion being overruled, Carr, one of the defendants, excepted, and assigns as error the refusal of the court to grant a new trial on the grounds set out in the motion. The first three grounds of the motion are, that the verdict is contrary to evidence, against the weight of evidence; is contrary to law and the principles of equity and justice. The bond given in this case was based on the provisions of section 2766 of the

Civil Code, and the condition of the bond as prescribed by that statute is, that the property replevied shall be returned when called for by the levying officer. A failure to return the property causes a breach of the bond, unless, as has been held by the court, a return was prevented by the act of God. Such was the plea of the defendants, and the evidence reported above is what is relied on to sustain that plea. We do not deem that evidence sufficient to prevent a recovery in the case. In the case of *Young* v. *Waldrip,* 91 *Ga.* 765, which was a suit on a replevy bond given under the same statute for the forthcoming of a mule, by a person who had interposed a claim, executed a bond and replevied the property, the evidence in relation to the death of the mule was to the effect that the mule was killed by having its leg broken by stepping in a post-hole which was concealed by an overgrowth of grass, from which the mule died without fault or negligence on the part of the obligor or surety, on the bond, and without the fault of any other person. In that case the court ruled that when "the claimant takes the property in his possession, he is responsible for its care and safe-keeping, and if it is injured or wasted while in his possession, it is at his risk. If it is a live animal, and dies while in his possession, he is responsible for its value, unless he can show that its death was caused by the act of God, and is in nowise the result of his own conduct. . . We are clear that nothing else than this will or ought to excuse the claimant for a non-production of the property according to the terms of the bond." The court then rules as a matter of law, that the falling of the animal into a hole overgrown and concealed with grass, if it occurred on the premises of the person chargeable, was not the act of God, and would not relieve the claimant from producing the mule under his contract. That case rules the one at bar. The plaintiffs in error were responsible for the care and safe-keeping of the animals which they had agreed to produce when called on to do so. The value of the animal which was stricken by lightning, as shown by the proof, is not involved in this case. The evidence at best establishes the facts that one of the animals died with a disease known as blind staggers and that two more died in a pasture in a swamp; that the pasture was a fair one, and that a crop of corn

and peas had been raised that year on the land which furnished the pasture. The proof is otherwise silent as to the cause of the disease and the care and attention which the animals received from the obligors. This testimony is not sufficient to show that the death of the animals did not result from improper care and attention on the part of the principal obligor in whose possession the mules were suffered to remain after the execution of the bond; and in our judgment the verdict of the jury is authorized by law and is in accord with the evidence.

The remaining grounds of the motion for a new trial consist in exceptions to different parts of the charge given to the jury by the court. We have carefully examined the extracts which are alleged to be error, in connection with the entire charge, and in our opinion no error was committed in the charges so excepted to, when they are construed with other parts of the charge.

*Judgment affirmed. All the Justices concurring.*