### 4628. Moon v. Wright, executrix.

Pottle, J.  1. Where one buys live stock on credit, and takes possession under a conditional bill of sale, which provides that, should any of the stock die, the purchaser shall "stand the loss," it is no defense to an action of trover, brought after the failure to pay the purchase-money at maturity, that some of the stock died before and some after the suit was brought. Especially is this true where bond for the forthcoming of all the property was given in the trover case, as provided in the Civil Code, § 5151, and it was not shown that the death of the live stock was due to the act of God and was in no wise the result of the conduct or negligence of either the defendant or his sureties. *Carr* v. *Houston Guano Co.,* 105 *Ga.* 268 (31 S. E. 178).

2. It is no bar to an action of trover, brought to recover property held by the defendant under a conditional bill of sale, that the plaintiff had previously obtained judgment in a suit on the purchase-money notes. If a money judgment is taken in the trover suit and satisfied, it will operate as a satisfaction pro tanto of the judgment on the notes for a larger sum. The principle is the same as in the case of a note and mortgage, upon either or both of which the creditor may sue to collect his debt. *Montgomery* v. *Fouché,* 125 *Ga.* 43 (53 S. E. 767).

3. In a bail-trover case neither the defendant nor his security can set up as a defense the discharge of the defendant in bankruptcy pending the action. *Birmingham Fertilizer Co.* v. *Cox,* 10 *Ga. App.* 699 (73 S. E. 1090). This rule prevails without reference to the source from which the plaintiff derives his title, and applies in any case in which trover will lie.

4. Failure to offer to plead a meritorious defense is a sufficient reason to refuse to open, at the trial term, an entry of default. Civil Code, § 5656.

5. Under the pleadings the only issue involved was as to the value of the property. It was no abuse of discretion to refuse a continuance for the purpose of obtaining the testimony of one of the sureties on the bond, on the question of value, where it appeared that the defendant had other witnesses who would testify to the same value as would the absent witness.

6. Positive evidence as to the value of live stock in possession of a defendant in a trover case can not be met by testimony of a witness that he had been acquainted with all the live stock the defendant had owned for a period of years, and none of it was worth as much as a named sum.

7. Value being a matter of opinion, it is competent for a witness to testify that in the fall of the year he saw the property in controversy, and he thought it was then worth a given sum; the question at issue being the value in the early part of the year following.

8. There was no issue in reference to conversion, and the instruction upon this subject, if erroneous, is not cause for a new trial.

9. The evidence warranted the verdict.          *Judgment affirmed.*

DECIDED MAY 6, 1913.

Appeal; from Greene superior court—Judge Walker. November 25, 1912.

*F. B. Shipp, Joseph P. Brown,* for plaintiff in error.
*Lewis, Davison & Lewis,* contra.