### 7104.  DAVIS v. BOSWELL.

HODGES, J. 1. The law does not require that the officer serving process in bail-trover shall first demand of the defendant to give bond, in order that the plaintiff may maintain his suit, and the failure on the part of the officer to make such a demand can not in any way affect the rights of the plaintiff.

2. The charge of the court not being specified as a part of the record, and no parts of the charge as given being excepted to, and no timely written request being made to the presiding judge for a special charge on a given point, this court will assume that the charge as given by the trial court was correct and proper and covered the issues involved.

3. The bill of sale on which the plaintiff's claim of title was based covered a mule named "Felix," a mare named "Annie," and a brindle-colored cow named "Cherry." The defendant and his witnesses swore that "Felix" broke his neck in the stable, that the cow mired up in the swamp and died, and that "Annie" fell in a ditch and was killed. The jury did not believe this woeful story of the defendant, and found a verdict in favor of the plaintiff; and this court can not hold that they erred in so doing.          *Judgment affirmed.*

DECIDED JUNE 23, 1916.

Bail-trover; from city court of Greensboro—Judge Sibley. November 5, 1915.

Davis executed to Boswell a bill of sale to certain live stock and a wagon as security for the payment of a promissory note for $125. Davis failed to pay his note when due, and Boswell instituted a bail-trover proceeding against him. A condemnation-money bond was given by the defendant. He pleaded that before the suit was brought the live stock died by the act of God and without fault on his part. He admitted possession of the wagon and offered to return it. The trial resulted in a verdict against him for $100. As to the animals in question it was testified by a witness for the plaintiff that the mule named Felix, he thought, was still at the defendant's place, and was worth $75, and the last time he saw the brindle cow she was at the pasture of one Phelps, and that she was worth $25. He thought the mare Annie was dead, and she was worth $75. The defendant and his witnesses testified as stated in the decision, and that none of the animals died through any fault on his part. It was also testified that there was no demand for a return of the stock. The case came to this court on exceptions to the refusal of a new trial. In the motion for a new trial it was alleged that the court erred in failing to charge the jury that the officer serving trover proceedings must, under the law, first make

demand upon the defendant for bond, and, on his failure to give bond, must search for the property and seize it, and that only in the event that the property could not be found would the officer be authorized to arrest and imprison the defendant. It was also alleged that the court erred in failing to charge that if the evidence showed that at the time the bail-trover proceedings were instituted and affidavit for bail filed, the property in question was not in the custody or control of the defendant, "it was not requisite that an existing physical impossibility to produce the property should be the result of misadventure or blameless conduct on the part of the defendant, but if it existed at all when the process was sued out, and continued to exist without any fault or misconduct of the defendant since that time, a verdict should be returned for the defendant."

*F. B. Shipp, Joseph G. Faust,* for plaintiff in error, cited: *Ragan* v. *Chicago Packing House Co.,* 93 *Ga.* 714; *Everett* v. *Holcomb,* 1 *Ga. App.* 797; *Moon* v. *Wright,* 12 *Ga. App.* 659 (1); Civil Code (1910), §§ 5151-2; *Bell* v. *Ober,* 111 *Ga.* 668 (1); *Phillips* v. *Taber,* 83 *Ga.* 570.

*Lewis, Davison & Lewis,* contra, cited: *Carr* v. *Houston Guano Co.,* 105 *Ga.* 268, 270; *Moore* v. *Wright,* 12 *Ga. App.* 659; *Civil Code,* § 5154.