ELAM *et al. v.* KELLEY, sheriff, for use, *et al.*

HILL, J. This case is controlled by the principle decided in *Barfield* v. *Covington,* 103 *Ga.* 190 (29 S. E. 759) ; and the court did not err in sustaining a demurrer to the amended plea of the defendant who was surety on the forthcoming bond, nor in entering the judgment complained of.               *Judgment affirmed. All the Justices concur.*

No. 753.  AUGUST 14, 1918.

Action upon bond.   Before Judge Walker.   Lincoln superior court.   October 23, 1917.

In the case of J. W. Kelley, sheriff, for the use of Groves and Flanigan, against Shepard Elam, principal, and J. W. Bentley, surety, the same being an action for damages for the breach of a forthcoming bond, the defendant R. W. Bentley, surety on the bond, filed an equitable plea, which admitted liability for the breach of the bond, but averred that the bond was breached under a misapprehension of law; and that the surety had certain liens on the property for the forthcoming of which the bond was given, which liens had been foreclosed and placed in the hands of the sheriff, and were superior to the lien of the fi. fa. of the usees which had been levied on the property.   The amended plea also averred that a portion of the property levied on had been claimed by a third party, and the claim filed as provided by law.   The prayer was, that, that in order to avoid a multiplicity of suits and the expense which would be incident thereto, the priority of the several liens therein set up be determined on the trial of the case; and that the sheriff be directed, as in the case of a money rule, to which of said liens to apply the amount recovered in the case for the breach of the bond, reserving a sufficiency thereof to be held subject to the determination of the ownership of title to the property involved in the claim case.   The court sustained a demurrer to the amended plea, except so much thereof as averred that a portion of the property levied on had been claimed by a third party; the court holding that the liens of the defendant Bentley, surety, which had been foreclosed and placed in the hands of the sheriff, could not attach to the fund recovered for the breach of the bond. The claim case was ordered to proceed, in order to determine the question of the title to that portion of the property which had been claimed by a third party, and its value, which should be deducted from the amount sued for on the bond, provided the property

claimed should be found not subject to the fi. fas. of the usees. Exception was taken to the ruling sustaining the demurrer and striking a portion of the amended plea. The case went to trial, and a verdict for the plaintiff was rendered, and judgment was entered thereon. The defendants excepted.

*Burnside & McWhorter,* for plaintiffs in error

*C. J. Perryman,* contra.