ALEXANDER, sheriff, for use, etc. *v.* SNOW *et al.*

GILBERT, J. 1. Where the property of a tenant was levied on under an execution, and a forthcoming bond was given for the same by him, with his landlord as surety thereon, it is not a good legal or equitable defense to an action on such bond by the levying officer, when the bond has been breached by failure to deliver the property at the time and place of sale, that the landlord has an outstanding lien for supplies, which is superior in rank to the execution. *Barfield* v. *Covington,* 103 *Ga.* 190 (29 S. E. 759); *Wall* v. *Finney,* 136 *Ga.* 110 (70 S. E. 658); *Elam* v. *Kelly,* 148 *Ga.* 303 (96 S. E. 568).

2. In the case of *Barfield* v. *Covington,* supra, the facts of which were very similar to the instant case, it was held that it was no defense to an action for a breach of the forthcoming bond that the property mentioned in the bond was claimed by a third person. It was said that in order for the landlord to have realized the benefit of his superior lien, it was necessary for him to have sued out a distress warrant against the tenant and placed it in the hands of the sheriff, and demanded that the proceeds of the sale of the crop be applied to the satisfaction of the lien for rent in preference to the judgment lien. This, of course, contemplated the production of the property on the day of the sale, and after the same had been sold by the sheriff the proceeds must legally have been applied to the landlord's superior lien. There were no proceeds of sale to apply to either lien where the property was not produced and therefore not sold by the sheriff.

*Judgment reversed. All the Justices concur, except Fish, C. J. absent.*

No. 1403. DECEMBER 9, 1919.

Action on bond. Before Judge Wright. Chattooga superior court. November 2, 1918.

*John D. & F. S. Taylor* and *Denny & Wright,* for plaintiff.
*Maddox & Doyal* and *Wesley Shropshire,* for defendants.