13321.  THIGPEN *et al. v.* SAM WEICHSELBAUM COMPANY *et al.*

STEPHENS, J.  1. Where the obligor of a forthcoming bond seeks, in a suit thereon by the obligee, to defend upon the ground that the property has been destroyed, he must show that the destruction of the property was caused by an act of God and without fault or negligence of himself. *Young* v. *Waldrip,* 91 *Ga.* 765 (18 S. E. 23).

2. In such a suit, the burden being upon the defendant to establish this

defense and to show affirmatively that the destruction of the property and his failure to produce it were the result of natural causes and without fault or negligence on his part, a bare proof of the destruction of the property, without more, establishes prima facie a violation by the defendant of his obligation.

3. While in a suit by the obligee against the obligor on such a bond it is necessary for the plaintiff to allege facts sufficient to show prima facie a breach of the bond by the defendant, where the plaintiff, who was a deputy sheriff, alleges a destruction of the property as an excuse for his failure to advertise the same and as showing a breach of the bond by the defendant, in that the defendant has voluntarily, before time for performance, placed himself in a situation where he can not perform, such bare allegation that the property has been destroyed, without more, alleges a prima facie breach of the bond by the defendant. See, in this connection, *Spence v. Coney*, 97 *Ga.* 441 (25 S. E. 316); *Early v. Hampton*, 15 *Ga. App.* 95 (82 S. E. 669).

4. The plaintiff's petition setting out a prima facie breach of the obligation, the trial judge in the city court erred in dismissing the same, and the judge of the superior court did not err in sustaining the plaintiff's certiorari.     *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED FEBRUARY 14, 1923.

Certiorari; from Laurens superior court — Judge Kent. January 23, 1922.

*J. S. Adams, R. Earl Camp,* for plaintiff in error.

*Ira S. Chappell, Alex. A. Burch,* contra.