*Jeff S. Story,* contra.

---

### 16316.  SCRUGGS *v.* BENNETT *et al.*

Where an execution has been levied, a claim filed, and a forthcoming bond given, and the bond has been breached by failure to deliver at the time and place of sale the property levied upon, it is no defense to a suit on the bond that the property was "cumbersome," or that on the day of sale it was tendered to the levying officer as being at the place of levy.

>  DECIDED JUNE 9, 1925.

Complaint; from city court of Nashville—Judge W. R. Smith. January 24, 1925.

An execution was levied on a sawmill and fixtures, an automobile, several mules, and ten head of cattle, all of which were seized by the levying officer.  A claim was filed, a forthcoming bond given, and the property released.  The papers were returned to court and the claim was finally withdrawn.  The brief of evidence shows that at the trial "it was admitted by counsel representing the plaintiff and the defendants that the property was duly and

legally advertised to be sold the first Tuesday in August, 1923, before the court-house door in Nashville, Georgia, where the property was to be delivered and sold." None of the property was delivered at the time and place of sale. Suit was brought on the forthcoming bond. On the trial there was conflicting evidence as to whether the sawmill was at the place of levy or in another county. Under the advice of counsel for the plaintiff the property was not sold. The trial of the suit on the bond resulted in a verdict in favor of the defendants. The plaintiff filed a motion for a new trial, which was overruled, and he excepted.

*Hendricks & Hendricks*, for plaintiff.

*Jeff S. Story*, for defendants.

BLOODWORTH, J. (After stating the foregoing facts.) The forthcoming bond upon which this suit was brought provided that the property levied upon should be delivered to the levying officer "at the time and place of sale." It was undisputed that the property levied upon was worth more than the amount of the execution. At the trial the property described in the bond was not forthcoming as provided for therein. Counsel for the defendants in error insists that his clients did not breach the bond, because "property that is cumbersome, like a sawmill, can not be delivered at the place of levy," and that "the property was at the same point on the day of sale that it was on the day of the levy, and had not been moved, and the same was tendered to the officer." To support his contention he cites the case of *Grace* v. *Finleyson*, 10 *Ga. App.* 480 (2) (73 S. E. 689). As was aptly said by Judge Powell in that case, "a tender of property can not be constituted by mere words." The case just referred to is easily differentiated from the case now under consideration. In that case the levying officer, as provided by section 6060 of the Civil Code of 1910, advertised that on the day of sale the property would be situated at the place where it was levied on. That was not done in the present case. The ruling in that case will not be extended. In *King* v. *Castlen*, 91 *Ga.* 488 (2) (18 S. E. 313), it was held that "the provisions of section 3646 of the code [§ 6060 of the Civil Code of 1910], relieving levying officers in certain instances from removing heavy property to the court-house door, were made for the benefit of the officers and the parties to processes levied by them, and not for the benefit of other persons who may voluntarily contract in writing

by a statutory bond to deliver such property at the court-house door." Conceding that the sawmill levied on was cumbersome, was "difficult and expensive to transport," we are shown that under the facts of this case the officer could·not legally have sold it unless it had been brought to the court-house door. But it is not even insisted that the other property was difficult and expensive to transport, and none of the property levied upon was delivered to the officer at the time and place of sale. In an action on a bond the burden is upon the defendant to account for all the property levied upon. *Young* v. *Waldrip,* 91 *Ga.* 765 (18 S. E. 23); *Carr* v. *Houston Guano and Warehouse Co.,* 105 *Ga.* 268 (31 S. E. 178); *Wall* v. *Finney,* 136 *Ga.* 114 (3) (70 S. E. 658).

As no legal reason was shown why the provision of the bond that the property should be delivered at the time and place of sale was not complied with, and as it is undisputed that none of it was there, the verdict is without evidence to support it, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*