45157. SEAGRAVES, for use v. KELLEY et al.

EBERHARDT, Judge. After foreclosure by Sun Insurance Office, Ltd., as the holder of a purchase money mortgage against J. H. Porterfield, a fi. fa. was issued and levied December 29, 1967, upon a harrow in possession of the defendant in fi. fa. and a corn header found in the possession of Gus Kelley. Kelley, with J. R. Whitehead as surety, executed a forthcom-

ing bond under *Code* § 39-804 and kept possession of the corn header. The sheriff advertised in the official gazette of the county all of the property for sale on the first Tuesday in February, 1968, and within the hours of sale on that day publicly read the advertisement and sold the harrow, but because the obligors in the bond failed to produce the other property at the time and place of sale, as was required in the forthcoming bond, it could not be sold. The receipts from the sale of the harrow were applied against the accrued costs, and the sheriff, for the use of the plaintiff in fi. fa. brought suit against the obligor and his surety on the bond seeking to recover the unpaid balance of the principal, interest and costs under the mortgage fi. fa., alleging that the market value of the property which had not been produced exceeded that amount.

Defendants answered, admitting execution of the bond, but denying any breach of it because of a lack of demand on them for production of the property at the time and place of sale.

The case was tried before a jury, and the court submitted specific questions for answer by the jury, to wit: (1) whether there had been any demand upon defendants for production of the property at the time and place of sale and (2) whether there had been any breach of the bond, and, (3) if so, what the value of the property was. Questions 1 and 2 were answered in the negative, and because the court had instructed that in the event of negative answers to these questions answer to question 3 would be unnecessary, it was not answered. Judgment was entered for the defendants, and plaintiff appeals. *Held:*

1. Since no personal demand on the obligors in a forthcoming bond for production of the property is necessary, the advertising serving that purpose, it is immaterial that the jury answered the first question in the negative.

Nor does it matter that counsel for the plaintiff in fi. fa. may have assented to the submission of this question to the jury. If the lack of a demand had been formally admitted it would have been immaterial; even that could have worked no estoppel against the plaintiff, for a demand was simply unnecessary. Whether the jury answered in the affirmative or in the negative could not have altered the legal status. The bond was breached when the property was not produced at the time and place of sale—with or without a demand for

its production. The question was immaterial and irrelevant to the issues in the case, and the answer was likewise irrelevant.

Even if the bond had been conditioned to deliver the property at the time and place of sale "when required by [the sheriff]," it was unnecessary to prove a personal demand for the property, the advertisement being a sufficient notice to the party. *Thompson v. Mapp,* 6 Ga. 260; *Carr v. Houston Guano &c. Co.,* 105 Ga. 268, 270 (31 SE 178); *Stroud v. Hancock,* 116 Ga. 332 (42 SE 496); *Hogan v. Morris,* 7 Ga. App. 232 (1) (66 SE 550); *Early v. Hampton,* 15 Ga. App. 95 (3) (82 SE 669)); *Rish v. Clements,* 21 Ga. App. 287 (1) (94 SE 318); *Arnold & Son v. Rhodes,* 26 Ga. App. 86, 89 (105 SE 453); *Hill v. George,* 47 Ga. App. 272 (6) (170 SE 326); *Continental Cas. Co. v. Bibb Chevrolet Co.,* 49 Ga. App. 523 (3) (176 SE 418). Nor would it excuse production of the property by the obligors in the bond if the sheriff had promised them at the time of their signing the bond that he would not require production at the courthouse, but would sell it where it was, or that the property was cumbersome and expensive to move. *King v. Castlen,* 91 Ga. 488 (2) (18 SE 313); *Scruggs v. Bennett,* 34 Ga. App. 131 (128 SE 703). And see *Rowland v. Page,* 4 Ga. App. 269 (1) (61 SE 148).

2. It was stipulated by and between the parties at the beginning of the trial that "the property involved in this case was duly and legally advertised in the Danielsville Monitor, which is the newspaper in which sheriff's sales are advertised [for Madison County] in the issues of January 12, 19 and 26 and February 2, 1968." This stipulation was sufficient to obviate any showing of notice otherwise or of any other demand on the defendants.[1] The undisputed testimony of the sheriff

---

[1]If there had been a demand by the sheriff for production of the property and the obligor in whose possession the property was left had refused to produce it, or had asserted that he would not do so, there would have been no necessity for advertising. The refusal would have constituted a breach of the bond. *Hatton v. Brown,* 1 Ga. App. 747 (57 SE 1044). A destruction of the property while in the hands of the obligor in the bond, unless by Act of God, likewise obviates the necessity for advertising. *Thigpen v. Sam Weichelbaum Co.,* 29 Ga. App. 566 (116 SE 209). And see *Carr v. Houston Guano &c. Co.,* 105 Ga. 268, supra. The identical property must be delivered up; delivery

that the property was not produced at the time and place of sale demanded a finding of a breach of the condition of the bond. For this reason the jury was not authorized to answer the second query in the negative.

3. The contention of appellee that from a conversation that took place between the sheriff and Mr. Kelley at the time of the levy the jury was authorized to draw an inference that the sheriff did not intend to make a valid levy is without merit. Mr. Kelley testified that at that time he told the sheriff "There it is, take it," but that he didn't move it "because I guess he didn't have a way of hauling it away." However, he admitted the execution and posting of the forthcoming bond in which it is recited that "D. G. Seagraves, the sheriff as aforesaid, hath lately levied a fi. fa. issued from the Superior Court of Madison County in favor of Sun Insurance Office, Ltd. against J. H. Porterfield on" the described property. The obligors in the bond are thus estopped to deny the levy or to attack its validity. *Cohen v. Broughton*, 54 Ga. 296 (1); *Crim v. Tifts & Co.*, 65 Ga. 644 (1); *Drawdy v. Littlefield*, 75 Ga. 215 (5); *Pearce v. Renfroe Bros.*, 68 Ga. 194 (5a); *Stroud v. Hancock*, 116 Ga. 332, supra; *Hilton & Dodge Lmbr. Co. v. Clements*, 108 Ga. 791 (33 SE 951); *Pharr v. Estey Piano &c. Co.*, 7 Ga. App. 262 (4) (66 SE 618); *Hartshorn v. Bank of Gough*, 15 Ga. App. 167 (2) (82 SE 805). "[W]hether there was an actual seizure was not open to question. If there was no such seizure, there was no occasion for any bond." *Smith v. Camp*, 84 Ga. 117, 124 (10 SE 539). "[T]he giving of a forthcoming bond estops a claimant and the surety on his bond from denying the completeness and sufficiency of the seizure of the property made by the levying officer." *Oliver v. Warren*, 124 Ga. 549, 551 (53 SE 100, 4 LRA (NS) 1020, 110 ASR 188). "The defendants gave a forthcoming bond. That bond, by its terms, estopped him from saying there had been no sufficient levy . . . he would be estopped to deny the recitals therein in reference to the levy and the existence of the property."

---

of substitute property, even if accepted by the sheriff, unless agreed to by plaintiff in fi. fa., affords no defense to an action for breach of the bond, and it does not matter that plaintiff in fi. fa. may have bid on the substitute property at the sale. *Boyd v. Crews*, 32 Ga. App. 138 (3, 4) (122 SE 802).

*Smith v. Davis,* 3 Ga. App. 419, 422 (60 SE 199). As the principal in the bond is estopped, there can be no doubt that his surety and privy in contract is likewise estopped. *Stroud v. Hancock,* 116 Ga. 332, 336, supra.

4. A judgment for the defendants was unauthorized, and it was error to overrule the motion for new trial on the general grounds.

5. Error is enumerated on the overruling of plaintiff's objections to evidence elicited from defendants' witness that the property previously had been sold at a sheriff's foreclosure sale under a second mortgage.

"In an action on a forthcoming bond, no issue can properly be raised as to the title to the property involved. When the execution of the obligation is not denied, the only question to be decided is whether or not there has been a breach of the bond." *Salmon v. Lynn,* 16 Ga. App. 298 (2) (85 SE 203), and citations. *Rowland v. Page,* 4 Ga. App. 269 (3), supra. Evidence concerning the status of the title was irrelevant to any issue in the case and thus inadmissible. The objections were proper and should have been sustained.

6. The mortgagor, testifying on direct examination, asserted that he had purchased the property in question from a dealer when it was new for $1,833.80, had used it in his farming for three years, had taken good care of it and that when he last saw it the equipment was in excellent condition, and that it had a market value on February 6, 1968 (the sale day) of from $1,400 to $1,500. On cross examination he testified that he thought it would have sold for from $1,400 to $1,500 at the very least; however, later he admitted that it had been some time since he saw it, but asserted that in 1968 it "would be worth over $1,000." This evidence was relevant and admissible on the issue of value. It meets the test of *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). Counsel for plaintiff, on redirect examination, sought to ask him what the value would be "if it were in first class shape," and objection to the question was sustained. We do not think there was error in this ruling, since it does not appear whether the equipment was in "first class shape" when the levy was made and the bond executed—which is the crucial time for proving value. The witness testified that he had kept it in good condition and had afforded it good care, but the evidence fails to disclose when it left his possession or when

he last saw it "in excellent condition." Relevant, too, was testimony of the sheriff that the header was in "good condition" when he made the levy.

7. There was no harmful error in disallowing testimony of the witness Porterfield as to how he had learned that the dealer had transferred the mortgage to a bank. Title was not relevant in this proceeding; nor does it appear to have any relevancy for explaining conduct.

8. Enumerations 6, 8 and 10, relative to charges to the jury present nothing for review, inasmuch as no exceptions were made on these grounds prior to verdict. *Code Ann.* § 70-207 (a). Enumeration 7, relative to the refusal of the court to submit one of the specific questions in a different form presents no question for review in view of our rulings above in Headnotes 1 and 2.

9. Defendants' answer consisted simply of admissions of the jurisdictional allegations and of the execution of the bond, and denials of all other paragraphs of the petition, with an amended allegation designated as paragraph 6, that "Paragraph 6 of the petition is denied. Further answering, defendants show that they have not breached said forthcoming bond, that they have at all times offered to deliver up said property, and that at no time subsequent to the giving of the forthcoming bond did the sheriff make a demand for said property," and plaintiff moved that these and other allegations of the answer be stricken. In the light of our rulings above, that this constituted no defense, this paragraph should have been stricken. The obligation of the defendants was to *produce* the property at the time and place of sale. Nothing short of that will comply with the requisites of the bond, unless it should appear that the failure to produce was occasioned by an act of God, or that there was a waiver by the plaintiff in fi. fa. The obligors "could not relieve themselves from the consequences of the forfeiture by a subsequent tender." *Mapp v. Thompson,* 9 Ga. 42, 44. Nor is a tender of the property at the place of levy a defense on the day of sale. *Scruggs v. Bennett,* 34 Ga. App. 131, supra.

Paragraph 9 of the answer asserting that defendants were not liable on the bond because the property was not subject to levy of the execution, was properly stricken. *O'Neill Mfg. Co. v. Harris,* 127 Ga. 640 (1) (56 SE 739).

10. In the status of this case it appears that the sole issues to be tried are whether there has been a breach of the bond (and we hold that the evidence demanded a finding that there had been) and, if so, the value of the property at the time of the giving of the bond.

The balance of principal, interest and costs due under the mortgage fi. fa. is a simple matter of arithmetical calculation which the court can and should make. The jury should then make its finding as to the value of the property described in the bond as of the time of its execution, and the court will enter appropriate judgment. If the value is found to exceed the balance due, the judgment should be for the balance due, with the costs of this proceeding added. If the value is found to be less than the balance due under the fi. fa., the judgment should be for an amount equivalent to the value, besides costs in this proceeding.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*

ARGUED MARCH 3, 1970—DECIDED MARCH 16, 1970.

*O. J. Tolnas,* for appellant.
*Harry N. Gordon,* for appellees.